PELICAN LUMBER COMPANY, LIMITED, v. J. F. JOHNSON.

Decided October 20, 1906.

**1.—Account Books—Correctness—Proof.**

Any one who has personal knowledge of the fact may testify as to whether or not books of account are correct; such testimony is not hearsay. It often happens that the bookkeeper has less knowledge of the transactions he records than the clerk or salesman with whom the transaction occurred, and the testimony of such a person that the account is correct is competent.

**2.—Same.**

In a suit upon an account the secretary and general manager of the plaintiff testified that he made out the account sued on from the books of the company, which books were correctly kept, whereupon he was asked, "Can you state whether or not this account is correct?" to which question the defendant objected "that the witness had testified that he did not keep the books, and his testimony would be hearsay," which objection was sustained. The witness would have answered that the account was correct because he knew the books were correct, and that it was a correct copy from the books. Held, the exclusion of the testimony was error, considering only the objection made.

Appeal from the District Court of Hemphill County. Tried below before Hon. B. M. Baker.

*W. D. Fisher* and *Willis & Willis,* for appellant.—The witness Russ Daniel, having stated that he himself made out the account sued on; that he had been secretary and general manager for the Pelican Lumber Company; that he made out said account from the books of said company, which books were correctly kept, had sufficiently qualified himself to answer the questions whether or not the account sued on was correct. Duty v. Storrs, 70 S. W. Rep., 357.

*Hoover & Taylor,* for appellee.—A party who undertakes to testify that an account copied from the account book is correct (if allowed to testify to such a thing, which he would not be), would surely be required to show as much as he would if he was testifying in order to make the account book admissible. Underwood v. Parrott, 2 Texas, 168; Taylor v. Coleman, 20 Texas, 772; Werbiskie v. McManus, 31 Texas, 116; Burleson v. Goodman, 32 Texas, 229.

SPEER, ASSOCIATE JUSTICE.—This suit was one instituted by the appellant against the appellee to recover the sum of two hundred and eighty-six dollars, evidenced by a verified account under the statute. The justness of this account was denied under oath by the appellee, and in this state of the pleadings the parties announced ready for trial. Appellant introduced its account and rested its case, whereupon the appellee rested his case and asked for a peremptory instruction in his favor, upon the ground that the evidentiary force of the verified account had been destroyed by his sworn denial. The court permitted appellant to withdraw its announcement of closing, but declined to allow it to withdraw its announcement of ready, and to continue the case. It then tendered certain oral testimony to prove the correctness of the account, which was excluded, which ruling of the court, together with his ruling on the application for continuance, constitutes the main grounds of appeal, the court having instructed a verdict in appellee's favor.

It will be altogether unnecessary to determine whether or not the court abused his discretion in refusing to allow appellant to withdraw its announcement of ready for trial and to continue the case, since the case must be reversed for error in his rulings upon evidence. Bill of exception No. 2 shows that Russ Daniel, a witness for appellant, testified that he himself made out the account sued on; that he had been secretary and general manager for appellant, and that he made out said account from the books of the company, which books were correctly kept, whereupon he was asked the question, "Can you state whether or not this account is correct?" To which question appellee objected for the reason "that the witness had testified that he did not keep the books, and also because his testimony would be hearsay," which objection the court sustained and ruled out said testimony; the witness would have testified that the account was correct because he knew the books were correct and that it was a correct copy from the books. In sustaining the objections he did, and these are all with which we have to deal, the court committed error. It is no valid objection to the introduction of account

books in evidence that the witness by whom they are identified "did not keep the books;" nor is such testimony subject to the hearsay objection. If the element of personal knowledge is present, it can make no difference on principle that the bookkeeper himself is dead or otherwise absent. (See Duty v. Storrs, 70 S. W. Rep., 357; Wigmore on Evidence, sec. 1530. In point of fact, it may often happen that the bookkeeper has little or no actual knowledge of the transaction he is called upon to record, and the rule of reasonable probability, if not of certainty, would be better subserved by the admission in evidence of the testimony of clerks, salesmen and others having a personal knowledge of the transactions. So much for the reason which has always authorized, in part at least, the admission in evidence of books of account. The most a bookkeeper could say under such circumstances is that the items, as reported to him, were properly entered by him. If another, as for instance the general manager in this case, can testify to the accuracy of the books, we see no reason for excluding such testimony. It will be borne in mind that we are discussing the question as though the original books were themselves offered, since no objection was made to a copy, or that the same did not constitute the original entries made in the proper course of business contemporaneously with the transaction.

Reversed and remanded for another trial.

### ON REHEARING.

It is suggested on the motion for rehearing that the judgment of the District Court should be affirmed because the summary instruction was authorized by reason of the absence of proof of delivery of the car of lumber sued for. With this suggestion in mind we have again examined the record and are unable to support the instruction upon such theory. It is true the appellee testified unequivocally that he never received the car of lumber, but it is also true that there are other circumstances in the case which tend to show the contrary and upon which a jury might base a verdict in favor of appellant. We therefore overrule appellee's motion for rehearing.

*Reversed and remanded.*